```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
WILLIAM THALL,

                    Plaintiff,              06-CV-6177T
v.                                           ORDER

JOANNE B. BARNHART,
Commissioner of Social Security,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff William Thall ("Thall") filed this action on March 29, 2006 against defendant Commissioner of Social Security ("Commissioner") seeking reversal of the Commissioner's decision denying his application for disability income benefits. On June 8, 2006, pursuant to sentence six of 42 U.S.C. § 405(g), the parties stipulated to a remand of the case to the Commissioner for a new administrative hearing. Upon remand, the Commissioner determined that plaintiff was disabled, and awarded plaintiff disability benefits, including past due benefits in an amount is excess of $40,000.00

Plaintiff's attorney Mark McDonald ("McDonald") now seeks an award of $4,497.25 in attorney's fees based on his representation of the plaintiff before this court. McDonald relies on a fee agreement between he and Thall in which Thall agreed to pay the greater of 25% of any past-due benefits awarded by the Commissioner, or the full amount of any fees awarded to the plaintiff under the Equal Access to Justice Act. McDonald has not sought any fees under the Equal Access to Justice Act (which fees

would be paid by the Commissioner and would not be deducted from any award of past due benefits), but instead seeks an amount equal to 12.5% of plaintiff's award of past-due benefits based on the fee arrangement he entered into with the plaintiff.  In a letter to the Court, Mr. Thall objects to the amount of fees sought by his attorney.[1]  For the reasons set forth below, I grant in-part McDonald's request for fees, and Order that McDonald shall receive $1,000.00 in additional fees.

## DISCUSSION

McDonald contends that pursuant to the retainer agreement that he entered into with Thall, he is entitled to 25% of the past-due benefits that were awarded to Thall: an amount equal to $9,497.25.  McDonald, however, has agreed to accept half of his fee in an effort to compromise his claim for fees.

42 U.S.C. § 406(b) provides in relevant part that in cases where a plaintiff has received a favorable judgment, the court may award a reasonable fee to the plaintiff's attorney, provided that the fee does not exceed 25% of the total past-due benefits awarded to the plaintiff.  In determining whether or not a fee sought pursuant to a contingent-fee agreement is reasonable, courts are to give deference to "the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate

---

[1] Counsel were given an opportunity to review and respond to Mr. Thall's letter to the court.  While the government has responded to the letter and filed an objection to the fees sought by attorney McDonald, Mr. McDonald has not filed any response.

2

... and of an attorney's willingness to take the case despite the risk of nonpayment.'" Joslyn v. Barnhart, 389 F.Supp.2d 454, 456 (W.D.N.Y., 2005)(Larimer, J.)(quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir.1990)).  Courts, however, must also "balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases." Joslyn, 389 F.Supp.2d at 456 (citing Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).  Finally, a court reviewing a fee application must ensure that the requested fee is not so out of proportion with the time spent by counsel on the matter that the award would result in a windfall for the attorney. Joslyn, 389 F.Supp.2d at 456.  Although the court may not award fees for work performed by counsel at the administrative level, the court may consider the time spent by counsel at the administrative level in determining the over-all reasonableness of the contingency fee agreement.  Lapatra v Astrue, 530 F.Supp.2d 453, 456 (W.D.N.Y., 2008)(Larimer, J.).

In the instant case, while I find the fee agreement between Thall and McDonald to be reasonable, I find that an award of $4,748.63 would result in a windfall for McDonald.  According to McDonald's own billing records, he spent a total of 2.05 hours representing Thall in federal court.  The award sought by McDonald would equate to a billing rate of $2,316.41 per hour, and thus,

would constitute a windfall. While McDonald is a highly accomplished attorney with significant experience representing claimants seeking social security benefits, in the instant case, the Commissioner sought remand of the action within days of filing her notice of appearance. As a result, plaintiff's counsel was not required to personally appear in court for any proceeding, and was not required to file or defend against any motion, save the instant motion for attorney's fees. Because the Commissioner sought remand of this action soon after it was filed, little work was required of plaintiff's counsel with respect to his representation in federal court.

While this court may not award an amount of fees to plaintiff's counsel that would result in a windfall, the court must also balance the concern of "ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases." Joslyn, 389 F.Supp.2d at 456. In doing so, the court must consider the risk taken by counsel in agreeing to represent the plaintiff on a contingency basis. In weighing these factors, I find that an award of $1,000.00 in attorney's fees is appropriate in this case.[2] This amount takes into consideration the risk that McDonald took in entering into a contingency fee arrangement, and the possibility that he would not

---

[2] This award is in addition to the $5,300.00 plaintiff's counsel received for his work before the Social Security Administration.

be compensated for any of his time.  McDonald achieved an excellent result for his client and thus he is entitled to this additional amount.

For the reasons set forth above, I grant in-part McDonald's request for fees, and award fees to plaintiff's counsel in the amount of $1,000.00.  The Commissioner is directed to make an award of fees in the amount of $1,000.00 directly to McDonald, and to refund the remaining balance of plaintiff's past-due award to the plaintiff.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         August 29, 2008